UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 25-CR-215

LORENZO WOOD, JR.,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Lorenzo Wood, Jr., individually and by attorney Tom Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.      The defendant has been charged in a three-count indictment, which alleges violations of Title 18, United States Code, Sections 922(g)(1), 924(c)(1)(A)(ii), 924(e)(1), and 1951(a).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. At all times material to this Indictment, Kwik Trip, located at 5821 Green Valley Road in Winnebago County, Wisconsin, was a business engaged in the movement of articles and commodities in interstate commerce.

2. On or about October 13, 2025, in the State and Eastern District of Wisconsin,

**LORENZO WOOD JR.**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery in that the defendant did unlawfully take and obtain U.S. currency from an employee of Kwik Trip against her will by means of actual and threatened force, violence, and fear of injury.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 13, 2025, in the State and Eastern District of Wisconsin,

**LORENZO WOOD JR.,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is further described as an H&R model 732, .32 caliber revolver, bearing serial number AT103163.

2

3. Before the defendant committed the offense charged in this count, the defendant had at least three previous convictions for crimes of violence committed on occasions different from one another.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Just after midnight on October 13, 2025, in the City of Oshkosh, State and Eastern District of Wisconsin, the defendant entered a Kwik Trip and approached the cashier with a revolver in his hand. While pointing the firearm, the defendant demanded money from the register and received approximately $170. The defendant then fled the scene in a 2019 Silver Chevy Trax which was registered in his name. The robbery affected interstate and foreign commerce.

Following the robbery, law enforcement applied for and received a search warrant for the defendant's residence. Inside the residence, law enforcement recovered a greyish H&R model 732, .32 caliber revolver, bearing serial number AT10363, which is consistent with the revolver used in the robbery. They also showed the defendant's wife a video of the robbery whereupon she identified the individual as her husband.

The defendant is a felon based on four prior convictions for armed robbery in Winnebago County Circuit Court case 2008CF000045. Each of the robberies for which the defendant was convicted occurred on separate dates and at separate locations. Each count carried a maximum sentence of 40 years' imprisonment. Those convictions remain of record and unreversed,

3

therefore, the defendant is prohibited from forever possessing a firearm under state and federal law.

The H&R model 732 .32 caliber revolver was manufactured outside the State of Wisconsin and travelled in interstate commerce prior to the defendant's possession of it on October 13, 2025.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## **PENALTIES**

6.      The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: Count One, 20 years and $250,000; and Count Three, a lifetime of imprisonment and $250,000. Count Three also carries a mandatory minimum of 15 years of imprisonment. Each count also carries a mandatory special assessment of $100, and a maximum of 3 years and 5 years respectively of supervised release. The parties further recognize that a restitution order may be entered by the court.

7.      The defendant acknowledges and understands that he may be subject to the Armed Career Criminal provisions of 18 U.S.C. § 924(e) and Sentencing Guidelines Manual § 4B1.4. If the defendant is determined to be an Armed Career Criminal, he will be subject to a fifteen-year mandatory minimum term of imprisonment and a maximum of life imprisonment.

8.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e) or a career offender under the sentencing guidelines.

4

## DISMISSAL OF REMAINING COUNT

9.     The government agrees to move to dismiss the remaining count of the indictment

at the time of sentencing.

## ELEMENTS

10.     The parties understand and agree that in order to sustain the charge of Hobbs Act

Robbery as set forth in Count One, the government must prove each of the following

propositions beyond a reasonable doubt:

(1)     The defendant knowingly obtained money or property from or in the presence of a person;
(2)     The defendant did so by means of robbery;
(3)     The defendant believed that the person parted or would part with the money or property because of the robbery; and
(4)     The robbery affected interstate commerce.

The parties understand and agree that in order to sustain the charge of Possession of a

Firearm by a Felon as an Armed Career Criminal as set forth in Count Three, the government

must prove each of the following propositions beyond a reasonable doubt:

(1)     The defendant knowingly possessed a firearm;
(2)     At the time of the charged act, the defendant was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
(3)     At the time of the possession, the defendant knew he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and
(4)     The firearm had been shipped or transported in interstate commerce.

Further, the defendant has at least 3 prior convictions for crimes of violence on separate occasions.

## SENTENCING PROVISIONS

11.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the

presentence report, including that the presentence report be disclosed not less than 35 days

5

before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

**Sentencing Guidelines Calculations**

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating

6

the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

17.     The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 20 under Sentencing Guidelines Manual § 2B3.1(a) and that the applicable base offense level for the offense charged in Count Three is 34 under Sentencing Guidelines Manual § 4B1.4(b)(3)(A).

## Specific Offense Characteristics

18.     The parties acknowledge and understand that the government will recommend to the sentencing court that a 6-level increase for use of a firearm under Sentencing Guidelines Manual § 2B3.1(b)(2)(B) is applicable to the offense level for the offense charged in Count One.

## Acceptance of Responsibility

19.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

## Career Offender or Armed Career Criminal

20.     The parties acknowledge, understand, and agree that the defendant qualifies as a career offender under the sentencing guidelines or an Armed Career Criminal under 18 U.S.C. § 924(e). The parties further understand, acknowledge, and agree that the defendant may not move to withdraw the guilty plea solely as a result of a determination that he is an Armed Career Criminal under 18 U.S.C. § 924(e) or a determination that under the guidelines, the defendant is determined to be a career offender.

7

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

23.     As to Count One, the government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court. As to Count Three, the government recommends the mandatory minimum sentence of 180 months' imprisonment.

**Court's Determinations at Sentencing**

24.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

27. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

### Restitution

29. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense of Hobbs Act robbery is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

9

## DEFENDANT'S WAIVER OF RIGHTS

30.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a.   If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b.   If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c.   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d.   At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e.   At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31.     The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

10

The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that he will be adjudicated guilty of the offense[s] to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## **GENERAL MATTERS**

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

11

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

37.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement.   The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

38.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

12

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1-15-24

LORENZO WOOD, JR.
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1-15-2026

TOM PHILLIP
Attorney for Defendant

For the United States of America:

Date: 1 / 26 / 2026

BRAD D. SCHIMEL
United States Attorney

Date: 1/20/26

DANIEL R. HUMBLE
Assistant United States Attorney

13